**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ST. BARNABAS HOSPITAL, Respondent,**

**United Salaried Physicians And Dentists, Intervenor.**

No. 01–4184.

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

Dierdre C. Fitzpatrick, National Labor Relations Board (Howard E. Perlstein, Arthur F. Rosenfeld, John E. Higgins, Jr., John H. Ferguson, Aileen A. Armstrong, of counsel), Washington, DC, for Petitioner.

Joel E. Cohen, McDermott, Will & Emery, New York, NY, for Respondent.

Thomas M. Kennedy, Kennedy, Schwartz & Cure, P.C., New York, NY, for Intervenor.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Application to enforce the order of the National Labor Relations Board ("NLRB").

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the application for enforcement is GRANTED.

This action arises out of the discharge by St. Barnabas of Drs. Yilmaz Gunduz, Joseph Kazigo, Soula Priovolos, and Prakashchandra Rao, after the doctors threatened to refuse to perform on-call work if the hospital insisted on enforcing its new consultation policy. The United Salaried Physicians and Dentists filed charges against St. Barnabas before the NLRB, alleging that the hospital had violated the National Labor Relations Act ("NLRA")in terminating the doctors because they were involved in protected concerted activities. Following a hearing, the Administrative Law Judge Steven Fish ("ALJ")found that the on-call work was voluntary, that the doctors' threat to refuse to perform on-call was therefore protected, and that the doctors' threat was a substantial factor in the decision to discharge them. The ALJ therefore held that St. Barnabas violated § 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), and ordered St. Barnabas, *inter alia*, to offer the discharged doctors full reinstatement to their former jobs.

The National Labor Relations Board (Members Wilma B. Liebman, John C. Truesdale, and Dennis P. Walsh) adopted the findings and order of the ALJ. *St. Barnabas Hospital v. United Salaried Physicians & Dentists*, 334 NLRB No. 125 (2001). The NLRB applied to us for enforcement of its order, and St. Barnabas Hospital opposed the application.

Our review of NLRB orders is "quite limited." *NLRB v. Katz's Delicatessen of Houston Street, Inc.*, 80 F.3d 755, 763 (2d Cir.1996). "We must enforce the Board's order where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *Id.*

St. Barnabas's challenges to the Board's factual findings are without merit. St. Barnabas contends that the Board erred in finding on-call work voluntary and in finding that the concerted threat to refuse call was a substantial factor in the decision to

discharge the doctors. After review of the record, we conclude that both of these findings are supported by substantial evidence.

St. Barnabas also challenges the Board's legal conclusion that the refusal to perform on-call work was protected, arguing that it was based on the faulty assumption that refusal to perform voluntary work cannot constitute a partial strike. We conclude that this argument was waived because respondent did not raise it before the Board.

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). We have explained that the "purpose of this provision is to insure against piecemeal appeals to the court by requiring the parties first to give the Board an opportunity to rule upon all material issues in a case." *NLRB v. GAIU Local 13-B*, 682 F.2d 304, 311 (2d Cir. 1982).

The Board has adopted regulations requiring parties to set forth their exceptions in detail. 29 C.F.R. § 102.46(b). The CFR rule requires ALJ exceptions to identify precisely the specific finding contested and requires the supporting brief to articulate grounds for the exception in the form of supporting argument and authority. *Id.* Generalized exceptions to ALJ findings do not suffice to meet this standard. *Schnurmacher Nursing Home v. NLRB*, 214 F.3d 260, 270 n. 3 (2d Cir.2000).

We have reviewed the ALJ decision, St. Barnabas's exceptions to that decision, and St. Barnabas's brief in support of its exceptions, and conclude that the hospital did not contest the ALJ's assumption that refusal to perform voluntary work cannot constitute a partial strike. We therefore conclude that this claim was waived.

For the foregoing reasons, the application to enforce the order of the National Labor Relations Board is hereby GRANTED.